IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MICHELLE Y. PARHAM,

    Plaintiff,

    v.                        CIVIL NO.: WDQ-11-0185

MID ATLANTIC BAKING CO., LLC

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Michelle Y. Parham, *pro se*, sued Mid Atlantic Baking Co., LLC ("Mid Atlantic") for employment discrimination in violation of the Americans with Disabilities Act of 1990[1] (the "ADA"). For the following reasons, Mid Atlantic's motion to dismiss will be granted.

I. Background[2]

Parham has heart and sinus problems. Pl's. Compl. ¶ 6. On January 31, 2007, she began working for Mid Atlantic as an operator trainee. Mem. of Law in Supp. of Def's. Mot. to Dismiss 2. On April 11 and 12, 2007, Parham was sick and missed work. Pl's. Compl., Ex. I. On April 14, 2007, she returned to

---

[1] 42 U.S.C. §§ 12101, *et seq.*

[2] For Mid Atlantic's motion to dismiss, the well-pled allegations in Parham's complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

work and was fired; Mid Atlantic told Parham she had abandoned her job. *Id.*

On June 22, 2010, Parham filed an intake questionnaire with the Equal Employment Opportunity Commission (the "EEOC"). Pl's. Resp. in Opp'n 5; Def's. Mot. to Dismiss, Ex. 1.  On July 7, 2010, Parham filed a discrimination charge with the EEOC, alleging that she had been fired because of her disability. Compl. ¶ 9, Ex. I.  On December 14, 2010, the EEOC issued a right-to-sue notice.  Compl. ¶ 10, Ex. K.

On January 20, 2011, Parham sued Mid Atlantic for employment discrimination in violation of the ADA.  On April 7, 2011, Mid Atlantic moved to dismiss.[3]  On April 11, 2011, Parham opposed that motion.[4]  ECF No. 11.

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

---

[3] Mid Atlantic's motion was timely. Parham did not serve Mid Atlantic until March 18, 2011.  ECF No. 7.

[4] Mid Atlantic did not reply.  See Correspondence to Ct., ECF No. 13.

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir.2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir.2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[ ] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly,* 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* (citation and internal quotation marks

omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or "allegations that are mere[ ] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir.2002) (citation and internal quotation marks omitted).

B. Mid Atlantic's Motion to Dismiss

Parham alleges that Mid Atlantic fired her because of her disability, in violation of the ADA. Compl. ¶¶ 3-4, Ex. I. Mid Atlantic argues that the claim is time-barred, and Parham's allegations are insufficient to state a claim. Def's. Mem. 4-5.

To bring an ADA claim, a plaintiff must first exhaust her administrative remedies by filing a timely charge of discrimination with the EEOC.[5] An ADA claimant must file the EEOC charge within 300 days of the alleged discrimination. *See* 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); *Skipper v. Giant Food,*

---

[5] *See* 42 U.S.C. § 12117(a) (the ADA has same procedural requirements as Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) (a Title VII plaintiff must file an EEOC charge before suing).

*Inc.*, 187 F. Supp. 2d 490, 492 (D. Md. 2002).  A claim based upon an untimely charge is time-barred, and the complaint may be dismissed for failure to state a claim.[6]

Parham was fired April 14, 2007.  Pl's. Compl., Ex. I.  She did not contact the EEOC until June 2010, more than three years later.  Pl's. Resp. in Opp'n 5.  Parham's claim must be dismissed as time-barred.[7]

III. Conclusion

For the reasons stated above, Mid Atlantic's motion to dismiss will be granted.

____9/23/11_____                    _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge

---

[6] *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994).  *See also Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) ("time-filing requirements are not jurisdictional prerequisites to suit, but are more like a statute of limitations") (internal citations and quotation marks omitted).

[7] Because Parham's claim is time-barred, the Court need not address whether her allegations state a claim.